IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACOB BLANKENSHIP,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF MARSHALL, ILLINOIS,<br>JUDGE LEWIS,<br>JUDGE REGEN,<br>POLICE DEPARTMENT,<br>KYLE HUTSON,<br>ROBERT MORRIS, and<br>BILL BROWN,<br><br>　　　　　　Defendants. | Case No. 23-cv-02918-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

　　Plaintiff Jacob Blankenship filed his complaint against Defendants alleging that the police, judges, state's attorneys, and members of the sheriff's office falsified information about him and lied regarding the charges filed against him. (Doc. 1, p. 3). Shortly thereafter, he filed a Motion for Leave to Proceed *in forma pauperis* (IFP), which is now before the Court. (Doc. 7).

　　Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating, "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). The Court is satisfied from the affidavit submitted by Plaintiff that he is indigent. (Doc. 7). But the Court's inquiry does not end there because 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of a complaint filed by a plaintiff seeking to proceed IFP. The Court may dismiss a case and deny an otherwise qualified plaintiff leave to proceed IFP, if the action is clearly frivolous or malicious, fails to state

a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). As detailed below, Plaintiff cannot meet the second prong required to proceed IFP because the Complaint fails to state a claim on which relief may be granted, and the motion to for leave to proceed IFP will be denied.

### THE COMPLAINT

The allegations in the Complaint are confusing and difficult to follow. Plaintiff alleges that on June 9, 2023, on the way to the store, he was pulled over and arrested "for no reason." (Doc. 1, p. 11). He states that he was yelled at by the officer and thrown against the car. (*Id.* at p. 12). During this interaction, his hands and arms were injured, and he suffers from nerve damage. (*Id.*). Plaintiff asks to be paid for his medical appointments, x-rays, and surgeries that he will have to have as a result. These allegations are not asserted against any of the named defendants.

It is not clear if the remaining allegations are related to the incident on June 9, 2023. Plaintiff asserts in general that "police officers, judges, state's attorney and sheriff's [falsified] information on [him] and lying about all the charges they put on [him] and are harassment 24/7." (Doc. 1, p. 3). He goes on to allege that Judges Lewis and Regan are trying to place "handicapes[sic] people that are all so[sic] disabled people that have health problems in jail." (*Id.* at p. 4). It appears that Plaintiff is asserting that the judges did not consider that he was supporting his wife at the time he was arrested and that she cannot support herself without him. (*Id.*).

After discussing the judges, Plaintiff continues by stating:

> [H]ow can are officers lie on paperwork and get people put in jail for what false charges that just to make themsel[ves] look good no[w] they make them harassment go on all day every day and the threat's to be killed and have there[sic] ass beat . . . one of are[sic] officers told me and I know this is getting bad . . ."

(Doc. 1, p. 4). Plaintiff states that if someone comes after him, he will be unable to protect himself.

Next, Plaintiff asserts that the Clark County Sheriff's Department and Sheriff Bill Brown

placed him in the sally port for over half an hour without supervision knowing that he has seizures. (Doc. 1, p. 5). Although the Court is not certain, Plaintiff seems to be asserting that an officer threatened him and told him that in jail he would be denied food and not given his medication. Plaintiff states that he is afraid he will die in jail because there is no medical staff to provide treatment. (*Id.*). He claims that the officers owe him for rent and expenses during his time in jail, and he expresses confusion on his charges. Plaintiff states that he does not understand why he must have a FOID card for a taser that was to be used for self-defense. (*Id.* at p. 6).

Finally, Plaintiff claims that State's Attorneys Hutson and Morris keep putting people who have not done anything wrong in jail or prison based on lies. (Doc. 1, p. 7). He states he has been wrongfully charged as not possessing a FOID card but that a FOID card is not necessary for owning a taser. He asserts he owns the taser in order to protect himself from someone who has threatened to stab him. Plaintiff claims that Hutson and Morris failed to consider when prosecuting charges against him that he has several health problems, he will lose his supplemental security income (SSI) check, and he is the sole caregiver for his wife. (*Id.* at p. 7-8). He states he is asking for help from the Court to see "if there is anyone that we can get help with [his charges]…" (*Id.* at p. 8).

## DISCUSSION

To survive preliminary review under Section 1915(e)(2)(B), a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), which includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The Complaint must also associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and they can properly answer the Complaint. *Id*. at 555. And although not specified, the Court presumes that Plaintiff is bringing his claims under Section 1983, and therefore, he must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v.*

*Klotka*, 769 F.3d 517, 528 (7th Cir. 2014).

Plaintiff has failed to state a claim against any of the named defendants. First, there are no allegations against the City of Marshall anywhere in the Complaint, and merely invoking the name of a potential defendant is not enough to state a claim and put the City of Marshall on notice of which claims in the Complaint are directed against it. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998). Thus, all claims against the City of Marshall are dismissed without prejudice.

All claims against the police department are also dismissed. Plaintiff cannot sue the police department, as a police department is not a "person" who is subject to suit under Section 1983.

Next, it appears that Plaintiff is suing State's Attorneys Morris and Hutson because he disagrees with the charges brought against him, and he believes their actions constitute harassment given the medical conditions suffered by him and his wife. Defendants, however, are entitled to absolute immunity for all actions taken as prosecutors, which include the decision to initiate criminal charges against Plaintiff. *See Archer v. Chisholm,* 870 F.3d 603, 612 (7th Cir. 2017) ("Prosecutors are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause."). Accordingly, the claims against Morris and Hutson are dismissed.

Similarly, Plaintiff cannot pursue claims against Judges Lewis and Regen for decisions made within the scope of their judicial capacity because they have judicial immunity. *John v. Barron*, 897 F.2d 1387, 1391 (7th Cir. 1990).

Finally, the Court also must dismiss claims against Sheriff Bill Brown. In the Complaint, Plaintiff states that the "Clark County Sheriff's Department 'Bill Brown'" put him in the sally port for over thirty minutes with no one to watch him even though he suffers from seizures. (Doc. 1, p. 5). Plaintiff goes on to describe the actions of a single officer. This is not sufficient to state a claim against Brown. There is nothing from which the Court can reasonably infer that Brown was

personally involved in Plaintiff remaining in the sally port unattended, and Brown cannot be held liable for the conduct of his staff. "There is no *resondeat superior* liability under § 1983." *Cash v. Marion Cnty. Jail,* 211 F. App'x 486, 488 (7th Cir. 2006) (citing *Perkins v. Lawson,* 312 F. 3d 872, 875 (7th Cir. 2002)). "The sheriff can be liable in his official capacity only if [Plaintiff] was harmed as a result of some custom or policy, but [again] nothing in the complaint even hints at such a policy." *Id.* (internal citations omitted).

Because the claims against all Defendants are dismissed, the Complaint does not survive review under Section 1915(e)(2) and will be dismissed without prejudice. Plaintiff will have an opportunity to renew his motion for leave to proceed IFP and amend his pleading.

### DISPOSITION

For the reasons stated above, the Motion for Leave to Proceed *in forma pauperis* (Doc. 7) is **DENIED without prejudice,** and the Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Should he wish to proceed any further with this action, Plaintiff must: (1) file a Renewed/Second Motion for Leave to Proceed *in forma pauperis* or prepay the full $402.00 filing fee for this action on or before **March 27, 2024**; and (2) file a "First Amended Complaint" by the same deadline of **March 27, 2024**. Failure to comply with this deadline or the instructions in this Order shall result in the dismissal of this action with prejudice for failure to state a claim, failure to comply with a court order, and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 23-cv-02918-SPM). Plaintiff should attempt to include all the

facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors and their alleged conduct. He should include only related claims. To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $402.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. 28 U.S.C. § 1915(b)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   February 28, 2024**

                                          *s/Stephen P. McGlynn*
                                          **STEPHEN P. MCGLYNN**
                                          **United States District Judge**